Good morning, Your Honors. My name is James Dodd Bennett. Bennett. I'm representing the petitioner. And I'd like to reserve, with Court's permission, two minutes of my time. You may do so. Just watch the clock. Thank you, Your Honor. The threshold issue in front of the Court is whether or not a state penal code statute, 261.5c, is an aggravated felony under the definition which was sustained by the immigration judge and by a per curiam decision sustained by the Board of Immigration Appeals as a crime of violence under the definitional section of 8 U.S.C. 1101A.4. And I would agree with the government at this point that the collapsing statute or, excuse me, the collapsing mechanism under Yee would necessarily make the aggravated felony issue outcome determinative. If the Court finds that it's an aggravated felony, then there's no other issues to be decided here. If it does find that it's an aggravated or not an aggravated felony, there's no alternative charge in the notice to appear in this case. In other words, no crime of moral turpitude charge. So the case would not necessarily be remanded. It would be decided on that issue alone. First issue, what standards do we use to determine whether a state statute is an aggravated felony under this particular definitional section? And I might add that the section is the analysis is limited to the 16B section incorporated. I'll get to that issue in a little bit, but that's the issue on which the judge sustained it. Essential elements to set forth in a brief, just to summarize it quickly, is that this unique the statute is essentially unique in the annals of state statutory rape statutes, which loosely called statutory rape statutes, in the sense that there are these gradations based on age determination. There are these simple threshold issues of intercourse, no marriage, and a minor in this case defined as somebody under 18 years old. In this particular subsection, there's a three-year age discrepancy between the victim and the perpetrator. And in this case, and based on the analysis, I think under Ruiz, which is a, Diaz rather, which is a sentencing case, when we construe whether a state statute or a Federal statute, rather, in Ruiz is an aggravated felony, you have to look at the statutory scheme, you have to look at the legislative history, you have to look at the whole background of the statute to determine whether it rises to the level of an aggravated felony as a crime of violence. Using the Diaz type analysis, this particular offense is punishable as a wobbler, which is rather unique in these statutory rape statutes. Most of the cases, in fact, if I'm not mistaken, all of the cases cited by the government are chargeable as straight felonies. This one can be charged as a misdemeanor or a felony. And secondly, legislative history is quite specific. The statute was recodified, reconfigured in the early 1990s successively, and the specific legislative intent stated was that the statute was to preclude the continuing drain on the State Treasury by unwed pregnancies unwed mothers, and this statute was contemplated with its civil preservations, which are also unique, attached to the statute to try to achieve that social goal. Is there any significance to be gained from the passage that indicates imprisonment in a county jail not exceeding one year? Yes. And what's your view on that? Well, this comes goes forward to the issue of the bipartite analysis we have to do on 101A43F. Unlike 101A43A, it does cross-reference to a Federal statute, and that statute is 18 U.S.C. 16. And for the 16B provision, if it's not mirrored in the 16A provision, which the government, and I believe the immigration judge, sustained that it was not, that it was a 16B, then in order to be an aggravated felony, first of all, you need to have a felony. And if it's cross-reference, we have to use the Federal standard for felony. And granted, the statute does say, with a sentence of one year or more. However, to get to that point, we have to have a felony, and that has to be a Federally defined felony. The only reference I can find in the criminal code, 18 U.S.C., would be 3559.5 through 6, which essentially defines a felony as being more than a year under subsection 5 at the minimal felony sentence, and a misdemeanor as one year or less is the language used in the 6th subsection. And with that in mind, and turning to the analysis recently in Cesares and several other drug-related cases construing 101A, 43B, that same analysis has applied in determining the length of the sentence to determine whether it's a felony or not. And I believe that's also followed in the Second and Third Circuits as well. The Ninth Circuit now follows the Second and Third. In this case, we have a one-year jail term as a grant of probation. Probation is put on for five years. The probation is run necessarily because he was put on probation, I believe, was October 21st, 1997. At this point in time, there's no judgment to impose or suspended sentence to impose. It's been a one-year sentence on the paper, and that's what we're stuck with. Unlike the government, the government argues that you can look behind the statute. When we get through this Taylor analysis that we have to apply, we can only look at the face of the statute itself and the conviction record if we get to that issue. And I believe we do in this case when we turn to the substantial risk factor. Counsel, there is a Fifth Circuit case. I believe it's United States v. Velazquez-O'Vera. Yes, sir. Which is rather instructive on this issue. Why shouldn't we follow the Fifth Circuit? The statute is a very interesting statute. As I understand, Penal Code 21.11 in the Velazquez-O'Vera case, you need to have somebody under the victim has to be under 17, not a spouse, sexual contact or intentional arousal, which sounds very much like our statute. However, there are affirmative defenses that aren't mentioned in the decision. And those affirmative defenses shifted back to what this statute is. Three-year discrepancy is an affirmative defense. If it's less than three years or less, you have an affirmative defense to the statute. If there's no force or duress issue, that is also an issue. And there's no force or duress under 261.5c. And the force or duress inferred by reason of the fact that the victim is under 18. The Texas statute is 17 as well. Well, California said 18, under 18. But what's the difference? Whatever the legislature says, it's implied that there's no consent. True. But in the Texas statute, if the age discrepancy is met, which can be met under 261.5c on its face, then there's no – there's an affirmative defense, so it's not a crime. Excuse me. I mean, you've got an affirmative defense if you're charged with the crime, rather. So I think that takes – that's a distinction under that Texas statute that is considerably – it's not mentioned in the opinion in the Fifth Circuit, but I think it's a significant issue that it wasn't addressed. Well, there's an affirmative defense in this case if you're less than three years' age difference. No. That would put you in a different gradation. If you were less – I understand I believe, if I'm not mistaken, the B subsection addresses three years' difference over or under. It's a very confusing statute, but it's a straight misdemeanor. And that's different than three years over, like under 261.5c. Counsel, you have about a minute left. Do you want to reserve, or you may use it, whichever you wish? I'd just reserve briefly, Your Honor. Very fine. Thank you. We'll hear from the government. May it please the Court. I'm Joshua Bronstein for the Attorney General. I'd like to begin by noting that there's nothing unique about this statute. It is – the statute is the subsection 261.5c is the section to which the Court must limit its review. In that section, this conviction for a crime under that section precludes jurisdiction in this Court because this crime inherently involves a substantial risk that physical force may be used. And, of course, under the precedent, particularly the instructive case of Velazquez-O'Vera, there is – and considering the typically close quarters in which these crimes are committed. Pardon me, counsel. Yes. The original information, if I'm not in error, alleged the actual use of force in the first count, and that was dismissed after a preliminary hearing. Correct, Your Honor. There was a finding that there was no probable cause to believe there was any force used. We don't submit that there is any force in this case, Your Honor. Then why do you say that the conviction has inherently the use of force? Substantial risk, Your Honor. The statute, the requirement – Talk about substantial risk, because in the event, and after the finding by the magistrate on a preliminary hearing, he dismissed it for lack of probable cause that any violence was used. Well, Your Honor, no. The analysis under 16b requires only that there is a risk of force. And as the Second Circuit and the Eighth Circuit have both said, there is no requirement that force be present in all circumstances. In the Cherry case I'm referring to, as well, citing the Rodriguez case in the Eighth Circuit, a 1992 case, the Court stated it matters not one whit whether the risk actually causes harm. And it is the risk that the Court must focus on, Your Honor. Not whether the risk causes harm, but whether the risk of violence exists. Now we know that – if we know anything about this case, it's that the preliminary hearing magistrate found no probable cause to think that any force or violence was used. Well, Your Honor, we – the Court should not even be considering what the magistrate looked at. What the Court must limit its review to is the statutory definition. The Court does a de novo review here to determine whether, indeed, on the face of the  And that's what we're looking at in the 61.C, which is where there is – which is unlawful sexual intercourse where the victim is three years or more younger than the perpetrator. And so – And you say that that statute has in it an inherent substantial risk of violence, right? No. Physical force – that physical force may be used, Your Honor. And this – and we would – we would direct the Court to, as Judge Cowen noted, to the Fifth Circuit's case. And its analysis there is particularly apt in this case. And in that case at 422, page 422, which is 100F3rd, the Court states as follows with respect to a statute that is almost identical. The Court states, we think it obvious that such crimes typically occur in close quarters and are generally perpetrated by an adult victim – an adult upon a victim who is not only smaller, weaker, and less experienced, but is also generally susceptible to acceding to the coercive power of adult authority figures. And it is that, we believe, succinct analysis that should apply to the statute here. Well, now, you heard Mr. Bennett's response to the citation of that case. And he would distinguish that case because of slightly different features in the statute. What's your response to his? My response, Your Honor, is twofold. Number one, the Fifth Circuit mentions nothing about an affirmative defense and, in fact, does an analysis based on the risk that force may be used on the statutory definition, which this Court is limited to. Second, I would note that Mr. Bennett has never raised at any time this – this distinguishing – allegedly distinguishing feature. And to be honest, I'm not familiar with the entirety of the affirmative defenses available for that Fifth Circuit statute, nor should the Court consider them. The question is, does the analysis speak to the statute in this case? And we think that it most certainly does. This is an issue where in – if a conviction is obtained under this statute, the one thing that we know is that there is a significant issue here. We know two things. We know that in every case, the victim will be at least three years younger than the perpetrator. We know that in every case, the perpetrator will be at least 20 years old and the victim will be 17. The Court in – in its categorical analysis, or in this case, it's – it is a slightly modified categorical analysis because the Court has to look at the charging documents to find that this – this sentence was for a year. And I don't think that there is any issue, although there was some discussion prior, I don't think that there is any issue that there was a one-year sentence in this case. And Petitioner has never raised as an issue or challenged the question of whether this would be an actual – if – if there was the correct risk involved of substantive – of force, that – that there's any question about whether the time he served would render him outside of the statutory definition as a crime of violence. And so we would note that with respect to that, that issue has been waived and he has failed to exhaust that issue. And so the Court lacks jurisdiction to even consider the question of whether his sentence was for a year or not. That being the case, all that Section 16b requires and all of the – rather, I'm sorry, the statutory definition of – of crime of violence under the INA requires is that it is a crime of violence for which the term of imprisonment is at least one year. Again, and that's Section 101A43F of the INA. So … Do you agree with Mr. Bennett that regardless of how we decide this main issue, that we don't reach the moral turpitude issue? That's correct. That was not – that was not at issue. I would note that I disagree with his assessment that the Court should not remand the case if it finds that this is not – that it has jurisdiction and that this is not a crime of violence. Therefore, the proper recourse remedy would be to remand under INS v. Ventura, the Supreme Court decision, to allow the Board of Immigration Appeals to determine whether it's appropriate to send the matter back for hearing as to whether this crime – because we know he has a conviction and he served a year for unlawful sexual intercourse. So the question would then become whether that renders him removable under some other provision of the INA. It certainly would not be for this Court to determine. And if the Court were simply to deny the petition, or rather grant the petition and not remand, then what would happen? The proceedings could be regenerated. Now, the proper – the proper answer is for the Board to have, in the first instance, the opportunity to make any determination thereon. I think we discussed at some length, Your Honor. What determination do you wish the Board to make if we remand? The Board can then determine if he is removable under any other provision or if the proceedings should be reopened to have further review of that question. For instance, removable under moral turpitude. For instance, Your Honor. For instance. I think at pages 12 through 15 of our brief, we talk about how the courts have collectively – that have analyzed the sexual assault or unlawful sexual behavior statutes. We discuss the thread that ties them together and how they find that there is a substantial risk that physical force will be used. And the thread that ties the Velazquez-O'Vera case in the Fifth Circuit to the Wood case in this Court and the Reyes-Castro case and the Rodriguez case are what is always present in this case, and that is the disparity between the age of the victim and the perpetrator, as well as the relative coercive power of the adult perpetrator. As I mentioned, the victim here is always 17 or younger, and the defendant or the convicted is always three or more years older. Here the record is that we don't know the age of the victim. She's at least 17.  No more than 17. She is 17 or younger. And we know – we do know, although it's not proper for the Court to consider it, but it is worth noting that the Petitioner was 42 years old at the time he had unlawful sexual intercourse with this young woman. And again, that – and I think that speaks to the general risk of fear. Again, we submit that the analysis is limited to the statutory definition, the face of the statute. However, merely being able to envision a scenario under which there is consensual sexual intercourse in some cases does not speak to the general risk, which is inherent here, for the reasons the Fifth Circuit notes. I see my time is about up, and unless the Court has any questions. No further questions. Thank you, counsel. Thank you. Mr. Bennett, you have some reserve time. Yes, Your Honor. Thank you. I'd like to hear you mention at least the Fifth Circuit case, because that seems to be a central issue here. Yes. The affirmative defense in that case is built right into the statute. It's the second – the ensuing subsection of the statute. So if you commit this offense and you meet all the statutory elements, you've committed the offense. But if you fall within the parameters of the affirmative defense, then you've got a defense and you walk, basically. It's quite clear. It's a comprehensive statute. And so it, in a sense, by raising the – giving you the affirmative defense, transforms it into this more akin to 261.5 than would meet the eye at first blush in the way I'm – we're interpreting the statute. In other words, this is a statute – at first blush, it looks identical to 261.5 as an aggravated felony. But when you add in all the affirmative defenses, it transforms it into this. And which of those affirmative defenses besides the disparity in age, which is an element of 261.5, you say it's an affirmative defense under 21.11 in Texas? The affirmative defenses are, as I understand it, no issue of force or duress. There's a three-year age disparity, as I already mentioned. And if you're a registrant or a prior offender, then you don't get the defense. If there's force or duress, you don't get the defense. So all this talk about this – such crimes typically occur in close quarters, the victim is smaller, weaker, less experienced. If in the event there is no duress or force used, that is an affirmative defense in Texas? Yes. I believe that's correct, Your Honor. So that if this case were to take place in Texas under 21.11 with the same disparity of age, et cetera, the dismissal of count number one, which in this case occurred at the preliminary hearing showing no force, would be an affirmative defense? It can amount to, yes. I see my time is up. Thank you, counsel. Your time has expired. The case just argued will be submitted for decision. And we will now hear argument in United States v. Osife.
judges: O'scannlain, Cowen, Bea